IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM WARD, IDOC # B46539, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-640-GPM |
| | ) |
| DONALD GAETZ, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff William Ward, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is incarcerated at the Menard Correctional Center ("Menard") for aggravated battery with a firearm, brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by persons acting under color of state law. This case now is before the Court on the matter of possible severance of Ward's claims as set forth in his pro se complaint in this case. In Ward's pro se complaint, Ward alleges four claims of violations of his constitutional rights by IDOC officials and employees. In Claim 1, Ward alleges that on January 2, 2010, he was placed in disciplinary segregation at Menard without a hearing, in violation of Ward's rights under the Fourteenth Amendment and the Eighth Amendment. In Claim 2, Ward alleges that on January 2, 2010, he was strip searched and forced to walk barefoot to the disciplinary segregation unit at Menard, in violation of Ward's Eighth Amendment rights. In Claim 3, Ward alleges that on January 3, 2010, he was placed naked in a cell without a mattress, pillow, bed linen, or running water for approximately a week and that, while being placed in the cell, he was subjected

to excessive force, in violation of Ward's Eighth Amendment rights.  In Claim 4, Ward alleges that on March 26, 2010, his cellmate, who was known by prison officials to have assaulted a previous cellmate, assaulted him, Ward, while guards watched and made no effort to intervene, and that, after the assault, IDOC officials ignored Ward's requests to be moved to another cell, all in violation of Ward's Eighth Amendment rights.  Named as Defendants in the case are Donald Gaetz, the former Warden at Menard, Jackie Miller, a member of the IDOC's Administrative Review Board, former IDOC Director Michael P. Randle, the Adjustment Committee at Menard, and Sergeant Pitit, C/O A. Williams, C/O Baker, and C/O Bradley, all of whom were guards at Menard at the times relevant to this case.  Ward demands damages of $20,000 from each Defendant, as well as transfer to a different IDOC facility.

In the context of lawsuits brought by prisoners against governmental actors, the United States Court of Appeals for the Seventh Circuit has instructed that, under Rule 18 of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Otherwise, prisoners easily could sidestep the requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) (codified in various sections of 28 and 42 U.S.C.), in particular the PLRA's provisions regarding filing fees and its limitations on the ability of vexatious prisoner litigants to proceed in forma pauperis in federal court.  *See id*.  Rule 18 provides, in relevant part, that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).  Under Rule 18, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507

F.3d at 607. Moreover, in *George* the Seventh Circuit Court of Appeals reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies with as much force to cases brought by prisoners as it does to any other kind of case. *See id*. Under Rule 20, persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Both of the requirements of Rule 20(a) must be satisfied in order to sustain party joinder under the rule. *See Intercon Reasearch Assocs., Ltd. v. Dresser Indus.*, 696 F.2d 53, 57 (7th Cir. 1982). Correspondingly, "[a] buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George*, 507 F.3d at 607. The Court has broad discretion to determine when joinder is appropriate. *See Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994). A district court's discretion as to joinder allows it "to consider, in addition to the requirements of Rule 20, 'other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'" *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (quoting *Desert Empire Bank v. Insurance Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)). *See also* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1653 (3d ed. 1998 & Supp. 2010) (the discretion district courts possess as to matters of joinder "promote[s] judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20") (collecting cases).

In this instance, it appears that Claim 1 and Claim 2 of Ward's complaint, which, as noted, concern incidents that purportedly occurred on January 2, 2010, and in which, respectively, the Adjustment Committee and Sergeant Pitit are named as Defendants, arise from the same transaction, namely, the placement of Ward in disciplinary segregation, allegedly in violation of Ward's rights under the Fourteenth Amendment and the Eighth Amendment.  It is less clear that Claim 1 and Claim 2 are related to Claim 3 of Ward's complaint.  Claim 3, as noted, concerns the incident that allegedly occurred on January 3, 2010, in which Ward was placed naked in a stripped-out cell where he was subjected to excessive force and confined for a week, allegedly in violation of Ward's Eighth Amendment rights; named as Defendants in Claim 3 are C/O Williams, the Adjustment Committee, and Miller.  Finally, Claim 1, Claim 2, and Claim 3 bear no relationship to Claim 4 of Ward's complaint.  In Claim 4, as noted, Ward alleges that on March 26, 2010, guards at Menard failed to intervene to stop an assault on Ward by his cellmate and that, following the assault, prison officials were deliberately indifferent to the likelihood of further assaults on Ward by his cellmate by failing to move Ward to another cell, in violation of Ward's Eighth Amendment rights; the Defendant named in Claim 4 are C/O Baker, C/O Bradley, Gaetz, and Miller.  It is the Court's usual practice, on noting misjoinder of claims or parties in a pro se complaint brought by a prisoner, to advise the prisoner that the Court is contemplating severance of the misjoined claims or parties and to afford the prisoner an opportunity to seek voluntary dismissal of the misjoined claims or parties. *See, e.g., Baker v. Parker*, Civil No. 09-cv-992-JPG, 2010 WL 2164461, at *6 (S.D. Ill. May 28, 2010).  In this way, prisoners may avoid the "financial burden" of a new filing fee if, after severance of a claim or party, a new case must be opened.  *Id*.  The Court will follow this procedure in this case.

To conclude, Ward is hereby **ADVISED** that the Court is inclined to sever Claim 1, Claim 2, and Claim 3 of Ward's complaint from Claim 4 of the complaint, and possibly to sever Claim 1 and Claim 2 from Claim 3 as well.  If Claim 4 (and possibly Claim 3) are severed from Claim 1 and Claim 2, the severed claims would be removed from this case and opened in new cases.  New case numbers would be assigned and separate filing fees would be assessed for each new case.  Because the imposition of additional filing fees may create a financial burden for Ward, he is **further ADVISED** that he may avoid severance – and the imposition of additional filing fees – by filing a motion for voluntary dismissal of Claim 4 (and possibly Claim 3) without prejudice within thirty (30) days of the date of entry of this Order.  Before filing such a motion for voluntary dismissal, Ward should consider whether he could re-file the dismissed claims without running afoul of the two-year statute of limitations applicable to his claims under 42 U.S.C. § 1983.  *See Kalimara v. Illinois Dep't of Corr.*, 879 F.2d 276, 276-77 (7th Cir. 1989); *Thomas v. McElroy*, Civil No. 10-424-GPM, 2010 WL 5089824, at *2 (S.D. Ill. Dec. 8, 2010); *Maxwell v. Village of Sauget, Ill.*, No. 06-451-GPM, 2007 WL 420195, at *3 (S.D. Ill. Feb. 5, 2007).

**IT IS SO ORDERED.**

DATED:  February 9, 2011

/s/ G. Patrick Murphy  
G. PATRICK MURPHY  
United States District Judge