IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM WARD, IDOC # B46539, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-640-GPM |
| | ) |
| DONALD GAETZ, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court on two motions for voluntary dismissal brought by Plaintiff William Ward (Doc. 16 and Doc. 17), construed by the Court as notices of voluntary dismissal. Ward, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of twenty years' imprisonment at the Menard Correctional Center ("Menard") for aggravated battery with a firearm, brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by persons acting under color of state law. In Ward's complaint, Ward alleges four claims of violations of his constitutional rights by IDOC personnel. In Claim 1 of Ward's complaint, Ward alleges that, as a result of infractions of prison discipline, on January 2, 2010, he was placed in disciplinary segregation at Menard and later sentenced to a term of disciplinary segregation without notice of the charges against him or a hearing, in violation of the Fourteenth Amendment and the Eighth Amendment. In Claim 2, Ward alleges that on January 2, 2010, he was strip searched and forced to walk barefoot to the disciplinary segregation unit at Menard, in violation of the Eighth Amendment. In Claim 3, Ward alleges that, in violation of the

Eighth Amendment, on January 3, 2010, he was placed naked in a cell without a mattress, pillow, bed linen, or running water and confined there for approximately a week and that, while being placed in the cell, he was subjected to excessive force. In Claim 4, Ward alleges that on March 26, 2010, his cellmate, who was known by prison officials to have assaulted a previous cellmate, assaulted him, Ward, while guards watched and made no effort to intervene, and that, after the assault, IDOC officials ignored Ward's requests to be moved to another cell, in violation of the Eighth Amendment. Named as the Defendant in Claim 1 of Ward's complaint is the Adjustment Committee that sentenced Ward to disciplinary segregation. Named as the Defendant in Claim 2 of the complaint is Sargent Pitit. Named as Defendants in Claim 3 are C/O Williams, the Adjustment Committee, and Jackie Miller. Finally, named as Defendants in Claim 4 are C/O Baker, C/O Bradley, Donald Gaetz, and Miller.[1]

By order entered February 9, 2011, the Court advised Ward that it was contemplating severing Claim 1, Claim 2, and Claim 3 of Ward's complaint from Claim 4 of the complaint, and possibly severing Claim 1 and Claim 2 from Claim 3 as well. Ward now has moved to dismiss Claim 2, Claim 3, and Claim 4 of his complaint. At this time, Ward has an absolute right to dismiss Claim 2, Claim 3, and Claim 4 of his complaint without prejudice by serving a notice of voluntary dismissal on the Court. Under Rule 41 of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A)(i). Rule 41(a) provides further that "[u]nless the notice . . . states otherwise, the dismissal is without

---

1. Although Michael P. Randle is named as a Defendant in the caption of Ward's complaint, the complaint contains no substantive allegations of wrongdoing by Randle.

prejudice." Fed. R. Civ. P. 41(a)(1)(B). Although Rule 41(a) speaks of dismissal of "an action" rather than of dismissal of certain claims in an action, in this Circuit "[d]ismissal of all claims against a particular defendant is . . . considered dismissal of an 'action' for purposes of Rule 41(a)." *Futch v. AIG, Inc.*, Civil No. 07-402-GPM, 2007 WL 1752200, at *1 (S.D. Ill. June 15, 2007) (citing *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983)) (internal citation omitted). A plaintiff's right to voluntary dismissal by notice before the filing of an answer or a motion for summary judgment is, with a limited exception not pertinent here, "absolute." *Crook v. WMC Mortgage Corp.*, No. 06-cv-535-JPG, 2006 WL 2873439, at *1 (S.D. Ill. Oct. 5, 2006) (collecting cases). Moreover, a notice of dismissal "itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court." *Scam Instrument Corp. v. Control Data Corp.*, 458 F.2d 885, 889 (7th Cir. 1972) (quoting *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)). *See also* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2363 (3d ed. 1998 & Supp. 2010)) (when a notice of dismissal is filed in an action, "[n]o order of the court is required" to dismiss the action and "the district judge may not impose conditions" on the dismissal, because "the notice terminates the action[.]") (collecting cases). In this case, none of the Defendants has served either an answer or a motion for summary judgment.[2] Accordingly, Ward's notices of voluntary dismissal are effective to dismiss Claim 2, Claim 3, and Claim 4 of Ward's complaint without prejudice.

---

2. Indeed, as this case is awaiting screening pursuant to 28 U.S.C. § 1915A, none of the Defendants have been served with Ward's complaint.

To conclude, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure Claim 2, Claim 3, and Claim 4 of Ward's complaint are **DISMISSED without prejudice**. Accordingly, Defendants Gaetz, Miller, Randle, Williams, Baker, Bradley, and Pitit are **DISMISSED without prejudice** from this case, and the Clerk of Court is directed to terminate Gaetz, Miller, Randle, Williams, Baker, Bradley, and Pitit as parties to this litigation on the electronic docket of this case. The Adjustment Committee remains a party to this litigation with respect to Claim 1 of Ward's complaint.

**IT IS SO ORDERED.**

DATED: March 18, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge