IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM WARD, IDOC # B46539, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-640-GPM |
| ) | |
| DONALD GAETZ, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff William Ward, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of twenty years' imprisonment at the Menard Correctional Center ("Menard") for aggravated battery with a firearm, brings this action pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights by persons acting under color of state law. The case is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

In Ward's pro se complaint in this case, Ward alleges that on January 2, 2010, at approximately 11:15 p.m. he was walked to the disciplinary segregation unit at Menard for the offense of intimidation or threats. Ward alleges further that, after an unspecified period of confinement in the segregation unit at Menard, he received a summary report stating that he had been sentenced to six months' disciplinary segregation for the offenses of intimidation or threats and damage or misuse of state property. Ward alleges that he was not given a disciplinary report in connection with either offense, and that he never received a hearing on the disciplinary charges against him. Ward contends that the alleged failure to provide him with notice of the disciplinary charges against him and a hearing on the charges violated Ward's rights under the Fourteenth Amendment and the Eighth Amendment, the Illinois Constitution, and IDOC regulations. Named as Defendant with respect to Ward's claim for a deprivation of his constitutional rights is the Adjustment Committee at Menard that sentenced Ward to disciplinary segregation, from which Ward demands damages in the amount of $20,000. Ward also demands to be transferred out of Menard

to a different IDOC facility. Having reviewed Ward's claim for relief carefully, the Court finds that this case is due to be dismissed.[1]

With respect to Ward's claim for violation of his constitutional rights due to supposed violations of Illinois law by state actors, just as "the Constitution does not compel states to follow their own laws," neither "does it permit a federal court to enforce state laws directly." *Allison v. Snyder*, 332 F.3d 1076, 1078-79 (7th Cir. 2003). *See also Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992) (citing *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982)) ("[T]he law is well-settled that state-created procedural rights do not, standing alone, constitute protected [constitutional] interests."). Still more to the point, the Court cannot entertain a collateral attack on Ward's prison disciplinary sentence in the form of an action for damages under 42 U.S.C. § 1983, absent evidence that the sentence has been invalidated. In general, a plaintiff convicted or sentenced for an offense may not bring an action for damages under Section 1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The rule of *Heck v. Humphrey* extends, of course, to collateral attacks under Section 1983 on sentences imposed by prison authorities for infractions of prison discipline. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Dixon v. Chrans*, 101 F.3d 1228, 1230-31 (7th Cir. 1996); *Clayton-El v. Fisher*, 96 F.3d 236, 242-45 (7th Cir. 1996); *Miller v. Indiana Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996) (quoting *Heck*, 512 U.S. at 486).

---

1. It perhaps should be noted that Ward's original complaint in this case also asserted several claims for violations of his constitutional rights in addition to the violation complained of by Ward in connection with his disciplinary sentence. However, after the filing of this case Ward voluntarily dismissed by notice all of his constitutional claims save for the one that currently is before the Court.

The limitation on a damages remedy for convictions and sentences enunciated in *Heck* is not jurisdictional. *See Okoro v. Bohman*, 164 F.3d 1059, 1061 (7th Cir. 1999). Nonetheless, a district court may raise the issue of *Heck* sua sponte. *See Knowlin v. Thompson*, 207 F.3d 907, 908-09 (7th Cir. 2000); *Handy v. Johnson*, No. 96 C 3341, 1999 WL 417381, at *4 (N.D. Ill. June 15, 1999). Where *Heck* applies, a prisoner's sole federal remedy for an allegedly unconstitutional sentence is habeas corpus:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [pursuant to] 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (footnote omitted). *See also Muhammad v. Close*, 540 U.S. 749, 751 (2004) (in a suit arising out of a prison disciplinary sentence, noting that *Heck* compels "resort to state litigation and federal habeas before § 1983" in cases where "a prisoner's [legal] challenge . . . threatens . . . consequence for his conviction or the duration of his sentence."); *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973) (the exclusive federal remedy for a state prisoner's challenge to the fact or duration of his or her confinement is habeas corpus). Because Ward's disciplinary sentence does not appear to have been invalidated, Ward may not attack the sentence under Section 1983.[2]

---

2. It perhaps is worth noting that the fact that Ward's complaint under 42 U.S.C. § 1983 should have been brought as a petition under 28 U.S.C. § 2254 does not authorize the Court to construe the former as the latter. "[W]hen a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit instead, it should not be 'converted' into a habeas corpus suit and decided on the merits." *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Instead, the civil rights suit "should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus. The reasons are various, and include the fact that habeas corpus for

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Ward's complaint in this case fails to state a claim upon which relief may be granted. Therefore, this case is **DISMISSED with prejudice**. Ward is advised that the dismissal of this case counts as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court is directed to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: March 18, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

state prisoners requires exhaustion of state remedies and that prisoners generally are limited to seeking federal habeas corpus only once." *Id*. It also perhaps is worth noting that, even were Ward's Section 1983 claim not *Heck*-barred, the claim likely would fail. In general, a prisoner has no constitutionally-protected liberty interest in remaining in the general population of a prison, except in rare cases where "segregation conditions . . . constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Nothing in the allegations of Ward's complaint suggests that conditions in disciplinary segregation at Menard constitute atypical and significant hardship.